UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON POTATO COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>J.R. SIMPLOT COMPANY,<br><br>                Defendant. | NO: 4:17-CV-5032-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION |

BEFORE THE COURT is a motion by Defendant J.R. Simplot Company ("Simplot") for a preliminary injunction, ECF No. 21. The Court reviewed the parties' briefing and attachments, heard oral argument from the parties on July 27, 2017, and considered the relevant law. Finding that the standard for entry of a preliminary injunction has not been met, the Court denies Defendant's motion for the reasons set forth below.

**BACKGROUND**

Essentially, this matter concerns a multifaceted contract dispute between Plaintiff Washington Potato Company ("WPC") and Defendant and Counter-

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION ~ 1

Claimant Simplot regarding a vegetable processing facility that the parties have co-owned since 2008 as fifty percent members, Pasco Processing LLC ("Pasco Processing"). In addition to co-owning Pasco Processing with WPC, Simplot is a customer of the facility. WPC manages and operates Pasco Processing, including scheduling usage of the plant's services.

Simplot also states counterclaims against the Oregon Potato Company ("OPC"), with which Simplot owns another multimillion dollar food processing and food distribution business, Gem State Processing LLC. Both OPC and WPC are controlled by Frank Tiegs.

On February 15, 2013, the parties entered into an "Amended and Restated Operating Agreement" for Pasco Processing ("Pasco OA"). ECF No. 26-1 at 2. Both parties seek declaratory judgments validating their divergent interpretations of the Pasco OA. ECF Nos. 1 at 15-16; 35 at 39-40. For its part, WPC seeks the Court's endorsement of WPC's purchase of Simplot's interest in Pasco Processing which made it become the one hundred percent owner of the business. ECF No. 1 at 4, 16. In addition, Plaintiff seeks damages from a breach of contract claim. ECF No. 1 at 16-17.

Defendant Simplot is seeking to preserve its status as fifty percent owner and revert to the general state of affairs between the parties before WPC allegedly exercised its option to buy out Simplot's share of the business. Defendant also raises the following additional counter claims against WPC and OPC: breach of

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION ~ 2

contract; violations of the Washington Limited Liability Company Act's records disclosure requirements, under Rev. Code Wash. § 25.15.136; and injunctive relief under the Washington Limited Liability Company Act, Rev. Code Wash. § 25.15.136. ECF No. 35 at 34-39.

## STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that may be granted only upon a "clear showing" that the movant is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To succeed in securing a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Provided the Court considers all four parts of the *Winter* test, the Court may supplement its preliminary injunction inquiry by considering whether "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [the requesting party's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)). Otherwise stated, the Ninth Circuit's "serious questions" consideration survives *Winter*, "so long as the [movant] also shows that there is a likelihood of irreparable

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION ~ 3

injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135. Finally, as with any equitable relief, a preliminary injunction generally is not appropriate where adequate legal remedies are available. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").

## DISCUSSION

Simplot is seeking a preliminary injunction to preserve its fifty percent ownership in Pasco Processing pending resolution of the merits of this case. WPC claims that in early 2017 it bought Simplot's stake in the company pursuant to a "Members [sic] Option to Purchase on Deadlock" in the Pasco OA.. *See* ECF No. 1-1 at 22 (Pasco OA). Simplot contends that a deadlock never occurred.

*Likelihood of Success on the Merits*

Simplot emphasizes that the plain language of the Pasco OA demonstrates Simplot's probable success on the merits. Both parties point the Court toward "dispositive" provisions of the contract. When called upon to resolve the meaning of words contained in a contract, courts consider each provision in the context of the entire contract and seek to "interpret the contract in a manner that makes the contract internally consistent." *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 872 (9th Cir. 1979). However, at this stage, each party has offered competing and contradictory interpretations of the contract, each of which appears

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION ~ 4

meritorious. Therefore, for purposes of a preliminary injunction, Simplot has not demonstrated a strong likelihood of resolution of the merits in its favor.

*Likelihood of Irreparable Harm*

Defendant must "*demonstrate*," rather than merely allege, the existence of an immediate threatened injury to support preliminary injunctive relief. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Moreover, mere financial injury "will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984) (concluding that plaintiff's harm would be easily calculable in damages); *see Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

Defendant indicates that it has suffered injuries that are difficult to reduce to a monetary value by being deprived of its role as a co-owner of Pasco Processing. Defendant also alleges a number of injuries that are threatened by action that Plaintiff *may* take regarding decreasing or ceasing Pasco Processing's production for Defendant, but fails to provide evidence of actual harm, including a decrease in having its products processed. Defendant's submissions for purposes of its

ORDER DENYING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION ~ 5

preliminary injunction motion arguably demonstrate that Defendant has suffered some harm during the unraveling of its co-ownership relationship with Plaintiff. However, Defendant fails to provide sufficient evidence to support irreparable harm. Rather, the irreparable harm that Defendant alleges is speculative and generally of a nature that can be reduced to monetary damages should Defendant prevail on the merits.

*Balance of Equities and the Public Interest*

While Defendant asserts that the "balance of equities and public interest strongly favor resolving this dispute over the ownership of a multimillion dollar business with thousands of employees in an orderly fashion in this Court rather than through unilateral action by WPC," ECF No. 21 at 10, the Court finds no evidence at this point in the litigation that supports how a preliminary injunction would serve the public interest or how the equities tip sharply toward Defendant.

**CONCLUSION**

In sum, Defendant has not made a clear showing that it has suffered irreparable harm to date or that it is likely to experience irreparable injury in the absence of a preliminary injunction. Both parties raised "serious questions" going to the merits, and Defendant did not show that the balance of hardships tips sharply in its favor. Moreover, the "serious questions going to the merits" and the balance of hardships may be weighed particularly heavily in favor of the movant only where the movant already has shown "that there is a likelihood of irreparable

injury and that the injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d at 1135. Here, Defendant showed neither a likelihood of irreparable injury nor the benefit to the public interest.

Therefore, **IT IS SO ORDERED** that Defendant's Motion for a Preliminary Injunction, **ECF No. 21**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 1, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
