FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON POTATO COMPANY,<br><br>                    Plaintiff,<br><br>  v.<br><br>J.R. SIMPLOT COMPANY,<br><br>                    Defendant. | NO: 4:17-CV-5032-RMP<br><br>ORDER RESOLVING MOTION TO CERTIFY FINAL JUDGMENT AND MOTION TO STAY PENDING APPEAL |

BEFORE THE COURT are motions by Defendant J.R. Simplot Company ("Simplot") to certify as final the judgment issued pursuant to the Court's summary judgment, ECF No. 82, and a motion to stay the judgment pending appeal, ECF No. 83. The Court heard oral argument on the motions and Washington Potato Company's ("WPC") related motion to grant Rule 54(b) certification, ECF No. 84, on January 9, 2018. The Court granted WPC's motion for Rule 54(b) certification the same day. ECF No. 101.

///

///

ORDER RESOLVING MOTION TO CERTIFY FINAL JUDGMENT AND MOTION TO STAY PENDING APPEAL ~ 1

## BACKGROUND

This case stems from Simplot's and WPC's joint ownership of a processing company, Pasco Processing LLC ("Pasco"). Their business relationship deteriorated, and WPC eventually purported to exercise its option to buy out Simplot's fifty percent ownership interest in the business in March 2017. The same month, WPC filed the present action for a declaratory judgment determining that its buyout comported with the parties' operating agreement. In the alternative to a declaratory judgment that WPC is the sole owner of Pasco, WPC brought a claim for specific performance.

Simplot raised affirmative defenses to WPC's claims and filed counterclaims against WPC and Counterclaim Defendant Oregon Potato Company.[1] Shortly thereafter, Simplot sought a preliminary injunction preserving Simplot's status as fifty percent owner of Pasco during the pendency of this litigation, which the Court denied. ECF No. 60.

On October 27, 2017, the Court resolved in favor of WPC the parties' cross-motions for summary judgment, and a motion for judgment on the pleadings by Defendant, pertaining to the interpretation of the parties' operating agreement. ECF No. 80. In that order, as reflected in the resultant judgment, the Court found that

---

[1] In the service of clarity and uniformity, the Court refers to Simplot as Defendant throughout this Order, while recognizing that Simplot brings its counterclaims as Counterclaim Plaintiff against WPC as Counterclaim Defendant.

WPC is the one hundred percent, sole owner of Pasco after executing its buyout rights under the parties' operating agreement. ECF Nos. 80 at 22; 81 at 1. The Court did not adjudicate Simplot's counterclaims, nor was it asked to do so.

Simplot now seeks that the Court either make its previous judgment final, pursuant to Fed. R. Civ. P. Rule 54(b) or, alternatively, amend or alter its judgment to address all of the claims, including Simplot's counterclaims and affirmative defenses. ECF No. 82 at 2–4. Simplot further asks the Court to stay the judgment pending appeal. ECF No. 83 at 2.

## DISCUSSION

### *Simplot's Motion to Certify Judgment as Final*

Pursuant to Fed. R. Civ. P. Rule 54(b), a district court may certify an otherwise interlocutory order as a partial final judgment upon an "express determination that there is no just reason for delay" in rendering judgment on the matter that was the decided by the order. *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006).

The Court already determined that there is no just reason for delay in treating as final the summary judgment order, ECF No. 80, and partial judgment, ECF Nos. 81 and 103 (collectively the "Judgment"). *See* ECF No. 101. Defendant Simplot's pending motion to certify final judgment under Rule 54(b) seeks relief identical to the relief already granted by the Court to both parties in granting WPC's motion for Rule 54(b) certification, ECF No. 84, except that Simplot's motion raises a separate

issue of whether the Court's summary judgment order also disposed of Simplot's affirmative defenses in granting summary judgment to WPC. *See* ECF Nos. 82 at 2 (Simplot asserting that the "Court also did not adjudicate Simplot's affirmative defenses, which are based on the same conduct at issue in Simplot's Counterclaims"); ECF No. 93 at 2 (WPC refuting any suggestion by Simplot that the Court reserved ruling on Simplot's affirmative defenses). Defendant clarified in its reply brief that it intends to allege in its appeal that the Court committed error by not explicitly adjudicating the affirmative defenses in its order granting summary judgment. ECF No. 99 at 4.

In deciding the cross-motions for summary judgment in Plaintiff's favor, the Court determined that Plaintiff was entitled to judgment on its claim because there was no genuine dispute as to any material fact, and Plaintiff was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In response to WPC's motion for summary judgment, Simplot argued only four affirmative defenses: unclean hands, unjust enrichment, prior material breach, and frustration of purpose. *See* ECF No. 62 at 14. All four affirmative defenses were extinguished by the Court's determination that Plaintiff was entitled to judgment on its claim, after the Court considered all of the briefing and materials presented by affidavits. *See Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th Cir. 2003) ("A party opposing summary judgment must direct the court's attention to specific, triable facts."); *United Cent. Bank v. Wells St. Apts., LLC*, 957 F. Supp. 2d 978, 987–88

ORDER RESOLVING MOTION TO CERTIFY FINAL JUDGMENT AND MOTION TO STAY PENDING APPEAL ~ 4

(E.D. Wis. 2013) (holding that when a defendant does not demonstrate that an affirmative defense creates a genuine factual dispute, and plaintiff otherwise shows that it is entitled to judgment as a matter of law, "the affirmative defense is extinguished"). Other courts have found that affirmative defenses are abandoned if they are not raised at summary judgment. *United Cent. Bank v. Wells United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C.), *cert. denied* 509 U.S. 924 (1993) (finding that a defendant waived its affirmative defenses after failing to assert them in response to summary judgment); *see also In re Commercial Acceptance Corp.,* No. 92-55072, 1993 U.S. App. LEXIS 23158 * 14 (9th Cir. Aug. 27, 1993) (Boochever, J. concurring) (citing *Pittston* to explain "[t]he failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense."); *Frerck v. Pearson Educ., Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014) (holding that when "a defendant takes a shotgun approach to affirmative defenses, judicial economy is best served by forcing it to identify and argue only those defenses that matter").

Therefore, the Court denies as moot Defendant's motion to certify to the extent that it seeks the same certification of partial final judgment that was granted by the Court's order on January 9, 2018. ECF No. 101. The Court grants in part Defendant's motion to certify with respect to certifying under Fed. R. Civ. P. Rule 54(b) that Defendant's affirmative defenses were extinguished by the order of summary judgment, ECF No. 80.

*Motion to Stay*

Simplot seeks both a stay of the pretrial schedule in this matter and a stay of enforcement of the judgment in favor of Plaintiff on Plaintiff's claims. WPC consents to the stay of the pretrial schedule with respect to the counterclaims, but objects to a stay of enforcement of the Court's judgment. As the Court indicated to the parties at oral argument on January 9, 2018, a stay of proceedings on the counterclaims appears prudent under the circumstances of this case, and is granted.

With respect to the contested stay of execution of the judgment pending appeal, Simplot argues that with the posting of an appropriate supersedeas bond, Simplot is entitled to a stay as a matter of right under Fed. R. Civ. P. Rule 62(b). ECF No. 96 at 2. Simplot counters WPC's argument that Rule 62(d) does not apply to declaratory judgments by arguing that the judgment in this case is monetary in nature. ECF No. 96 at 6.

Rule 62(d), Fed. R. Civ. P., provides that when "an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." A bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates that plaintiff for delay in the entry of the final judgment. *NLRB. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "However, a stay by bond has little practical effect when the judgment is not for a sum certain." *Sand-Smith v. Liberty Life Assurance Co.*, No. CV 17-0004-BLG-SPW, 2017 U.S. Dist. LEXIS 208486, at *3–4 (D. Mont. Dec. 18, 2017) (citing *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992).

ORDER RESOLVING MOTION TO CERTIFY FINAL JUDGMENT AND MOTION TO STAY PENDING APPEAL ~ 6

The Ninth Circuit and other circuit courts have limited the applicability of a stay by bond, as a matter of right, to money judgments. *Westphal*, 859 F.2d at 819; *Hebert*, 953 F.2d at 938; *Robbins v. Pepsi-Cola*, 800 F.2d 641, 643–44 (7th Cir. 1986); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *Federal Trade Com. v. TRW, Inc.*, 628 F.2d 207, 210 n. 3 (D.C. Cir. 1980). A "money judgment" involves: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant. *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense System, Inc*., 665 F.3d 1091, 1101 (9th Cir. 2011) (interpreting 28 U.S.C. § 1961(a)) (citing *Penn Terra Ltd v. Dep't of Envtl. Res.*, 733 F.2d 267, 275 (3rd Cir. 1984)).

The summary judgment order in this case, ECF No. 80, did not direct a money judgment to be entered. Rather, the judgment that was issued after the summary judgment order states that "WPC and Simplot reached a Deadlock regarding the necessity to make a capital contribution to Pasco Processing." ECF No. 103 at 1. The judgment continued, "Washington Potato is the one hundred percent (100%), sole owner of Pasco Processing, LLC after executing its rights on March 10, 2017, under Article 9 and Section 12.13 of the Amended and Restated Limited Liability Operating Agreement of Pasco Processing, LLC." *Id*.

Simplot's proposal to post a $2.5 million supersedeas bond to prompt the stay under Fed. R. Civ. P. Rule 62(d) apparently is based on a May 2017 request by WPC

in response to Simplot's earlier preliminary injunction motion. *See* ECF Nos. 83 at 2 (Simplot's motion to stay judgment); 24 at 13 (WPC's response to Simplot's motion for preliminary injunction). However, WPC's response to Simplot's earlier motion does not transform the declaratory judgment into a monetary one. Because there is no money judgment, Rule 62(d) does not apply here. *Westphal*, 859 F.2d at 819.

Alternatively, Simplot argues that the Court should issue a discretionary stay. ECF No. 83 at 4. With respect to a discretionary stay of a judgment or order, a stay pending appeal "'is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Four principles guide a Court's exercise of judicial discretion in imposing or declining a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434.

Courts also have significant discretion to stay an action. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court's power to stay proceedings is incidental to every court's power to control the disposition of the matters on its docket "with economy of time and effort for itself, for counsel, and for litigants." *Id.*

1        Defendant bears the burden of demonstrating that the circumstances justify

2  exercise of the Court's discretion to stay a judgment in its favor. *Lair v. Bullock*,

3  697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken*, 556 U.S. at 433–34). Simplot has

4  not carried that burden.

5        Simplot argues that it will suffer irreparable harm if the stay of judgment is

6  not granted. However, the Court finds that the potential harm alleged throughout

7  Defendant's arguments and declarations remains speculative in nature, or

8  alternatively, capable of being reduced to damages should Simplot suffer damage

9  before a resolution in its favor. Specifically, Simplot did not show that the

10 possibility that WPC would sell Pasco or liquidate Pasco's real estate and physical

11 facilities is anything more than theoretical. Nor does Simplot demonstrate any other

12 way in which its "ownership rights" in Pasco likely will be injured in the absence of

13 a stay.

14       The consideration of whether a stay will substantially injure the other parties

15 in the litigation also weighs against staying the judgment. Namely, WPC argues

16 serious financial risk for Pasco with every unmet financial obligation, and a stay

17 would delay WPC's ability to work unilaterally to negotiate and satisfy outstanding

18 obligations.

19       Finally, Simplot argues that the Court "has already recognized that Simplot's

20 legal arguments raise 'serious questions going to the merits'" in its order denying

21 Simplot's motion for a preliminary injunction. ECF No. 96 at 11 (omitting internal

ORDER RESOLVING MOTION TO CERTIFY FINAL JUDGMENT AND
MOTION TO STAY PENDING APPEAL ~ 9

quotations from Court's order); *see also* ECF No. 60 at 6 (Court's order). However, the Court's determination at the preliminary injunction stage of this litigation, long before its summary judgment order in Plaintiff's favor, that both parties had raised serious questions going to the merits of the claims does not demonstrate likelihood of Defendant's success on appeal.

Given that all of the relevant factors weigh in favor of denying a stay, Defendant's request for a stay of judgment pending appeal is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Simplot's Motion to Certify Final Judgment under Rule 54(b), or, in the Alternative, to Amend the Judgment under Rule 59(e), **ECF No. 82**, is **DENIED AS MOOT IN PART and GRANTED IN PART**. The Court rules that Defendant's affirmative defenses were extinguished by the Court's entry of judgment on Plaintiff's entire claim in Plaintiff's favor. *See* ECF Nos. 80, 81, and 103. To the extent that any reviewing court questions this Court's rulings on affirmative defenses, this Court certifies that this ruling on Defendant's affirmative defenses, in conjunction with the order on summary judgment, ECF No. 80, should be treated as final regarding all affirmative defenses for purposes of Fed. R. Civ. P. Rule 54(b), as there is no just reason for delay. *See also* ECF No. 101.

2. Defendant Simplot's Motion to Stay, **ECF No. 83**, is **GRANTED IN PART** and **DENIED IN PART**. Defendant Simplot's counterclaims shall be **STAYED** pending resolution of the interlocutory appeal of the Court's order. The judgment is not stayed. The parties are directed to inform the Court when they receive a decision on the interlocutory appeal from the Ninth Circuit Court of Appeals. The Court will then lift the stay on the counterclaims and set a scheduling conference.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 23, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge